# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WIRELESS BUYBACKS, LLC : | |
| : | |
| v. : | Civil No. CCB-16-0328 |
| : | |
| HANOVER AMERICAN INS. CO. : | |

## MEMORANDUM

Now pending is a motion for summary judgment filed by Hanover American Insurance Company ("Hanover"). This summary judgment motion arose in the context of a dispute between Wireless Buybacks, LLC ("Wireless") and Hanover that originally centered on whether Hanover had a duty to defend Wireless in an underlying lawsuit.[1] On December 8, 2016, the court concluded that Hanover does not have such a duty to defend. *Wireless Buybacks, LLC v. Hanover Am. Ins. Co.*, 223 F. Supp. 3d 443 (D. Md. 2016). Hanover now moves for summary judgment on its counterclaim that, because it has no duty to defend in the underlying suit, it also has no duty to indemnify Wireless for claims asserted in that suit. (Mot. for Summ. J., ECF No. 48). Wireless has responded, (Resp. in Opp'n to Mot. for Summ. J., ECF No. 49), and Hanover has replied, (Reply, ECF No. 50). No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the court will deny Hanover's motion for summary judgment and will dismiss without prejudice all claims related to the duty to indemnify.

---

[1] In the underlying suit, Sprint Nextel Corporation and Sprint Communications Company, L.P. ("Sprint") sued Wireless and other defendants, alleging the defendants engaged in unlawful business practices. United States District Court, District of Maryland, Case No. 1:13-cv-0617-CCB ("Sprint action").

The court recently examined this same issue – whether a finding that an insurer has no duty to defend automatically means the insurer has no duty to indemnify – in the context of a similar dispute. *See Unwired Solutions, Inc. v. Ohio Sec. Ins. Co.*, 2017 WL 1165953 (D. Md. Mar. 29, 2017). As it did in that case, the court concludes it would be premature to make any final ruling on the duty to indemnity at this time, because there may be instances where a duty to indemnify exists absent a duty to defend. *See Westfield Ins. Co. v. Nautilus Ins. Co.*, 154 F. Supp. 3d 259, 271–72 (M.D.N.C. 2016) ("While the reasons that may negate an insurer's duty to defend may also negate an insurer's duty to indemnify, the duty to defend does not subsume the duty to indemnify."). Accordingly, the court will dismiss without prejudice all claims related to the duty to indemnify. If either party wishes to further pursue this issue, it may do so once the underlying litigation between Sprint and Wireless concludes.

## CONCLUSION

For the aforementioned reasons, the court will deny Hanover's motion for summary judgment on the duty to indemnify issue and will dismiss without prejudice all claims related to the duty to indemnify. A separate order follows.

8/3/17  
Date

/s/  
Catherine C. Blake  
United States District Judge